UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JACOB BERGERON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. |
| v. | ) | 19-11729-FDS |
| | ) | |
| UNKNOWN AGENTS OF THE STATE OF GEORGIA, | ) | |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM AND ORDER

**SAYLOR, J.**

Petitioner Jacob Bergeron filed an unsigned petition for writ of habeas corpus in this court, notwithstanding the fact that he is a resident of Georgia and is not in custody in this state. For the reasons set forth below, the petition will be denied and the action will be dismissed.

**I.     Background**

On August 9, 2019, Jacob Bergeron of Canton, Georgia, filed a *pro se* pleading entitled "Petition for the Issuance of the Writ of Habeas Corpus." *See* Petition, Docket No. 1. The case caption identifies the respondent as "Unknown Agents of the State of Georgia." *Id.* Bergeron did not pay the filing fee or file an application for leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1914(a) (filing fee for civil actions); 28 U.S.C. § 1915 (proceedings *in forma pauperis*).

The petition does not specify a particular section of the habeas statute and is not signed. *See* Docket No. 1. The jurisdictional statement alleges that Bergeron has an "unalienable right to [police protection] by both state and federal police and that involves the Federal Bureau of

Investigation." *See* Pet. p. 1. He alleges that a "federal crime is being committed against petitioner" by a person who "is an agent of the State of Georgia." *Id.* at p. 1-2. He alleges that he has been the victim of crimes committed pursuant to 18 U.S.C. §§ 1512, 1513, 2261. *Id.* at p. 2. For relief, he seeks and order (1) "for the ceasing of this conduct directed to the State of Georgia;" (2) "for a federal investigation into this conduct;" and (3) convening of a federal grand jury for this conduct." *Id.* at p. 2-3.

II. **Preliminary Screening**

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The rules governing Section 2254 cases may be applied at the discretion of the district court to other types of habeas petitions. *See* Rule 1(b) of the Rules Governing Section 2254 Proceedings; *Boutwell v. Keating*, 399 F.3d 1203, 1211 n. 2 (10th Cir. 2005) (district court acted within its discretion by applying Rule 4(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 to § 2241 petition); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001).

Under Rule 4 of the Rules Governing Section 2254 Proceedings, the court is required to examine a petition, and if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the court "must dismiss the petition and direct the clerk to notify the petitioner." Rule 4; *see McFarland v. Scott*, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face); *Mahoney v. Vondergritt*, 938 F.2d 1490, 1494 (1st Cir. 1991) (upholding Rule 4 summary dismissal of § 2254 petition). A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law. *Marmol*

*v. Dubois*, 855 F. Supp. 444, 446 (D. Mass. 1994); *see Eady v. Director, Charleston County Detention Center*, 2011 WL 3704225, *3 (D.S.C. 2011) citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (noting that district courts have a duty to screen habeas petitions and eliminate burden on respondents caused by ordering an unnecessary answer or return).

### III. Discussion

Bergeron resides in Georgia and is not alleged to be subject to state or federal custody or confinement. He complains that a federal crime has been committed and seeks, among other things, law enforcement protection and investigation. Because the petition presents no facts indicating that he is in custody following a conviction or sentence, or any other colorable basis for relief, this court is without jurisdiction to entertain his petition.

To the extent that Bergeron requests that the court initiate an investigation concerning the alleged federal crimes, it does not have the power to do so. *See generally In re United States*, 441 F.3d 44, 58 (1st Cir 2006) (noting that "the federal courts in the American criminal justice system generally do not have the power to act as investigators or prosecutors of misconduct," and that "such powers are usually exercised by the grand jury and the executive branch.").

### IV. Conclusion

Accordingly, and for the foregoing reasons, the petition for writ of habeas corpus is DENIED and this action is DISMISSED. The clerk shall enter a separate order of dismissal. **So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated: September 10, 2019           United States District Judge